Judge Owsley
delivered the opinion of the court.
This is an appeal from a decree of the court below, Compelling the appellant to surrender the legal title to a moiety <Jf 2497 acres of land.
The appellees, who were complainants in that court, assert their claim through their deceased ancestor, Andrew Steele, who, they alledge, became, as locator, entitled to the land, under a contract with a certain John Davis, with whom the warrants had been previously placed by the appellant for location.
They charge that since the services were performed by their ancestor, the appellant has not only, by an obligation given to Davis, bound himself to perform the contract with Steele, but that he has, moreover, in an agreement of compromise, with part of the appellees, since acknowledged the authority of Davis to procure the location of the warrants by Steele.
The appellant not admitting, but requiring proof of Steele having located the land, denies the authority of Davis t<5 make the contract, alledges that the obligation to Davis was not given by him, and contends that the agreement of compromise alluded to, ought not to have the operation insisted upon by the appellees, but as it was entered into with a view to a settlement of the controversy between the parties, he urges it should not, in the present contest, be allowed to affect the interest of either; and, moreover, if the contest with Davis be binding, the appellant insists, that Steele is not shewn to have so performed the contract on his part, as to authorise its specific execution.
Preliminary to enquiring into the performance of the contract by Steele, it is proper we should examine into the authority of Davis to bind the appellant by that contract. For if, in consequence of Davis’ not having sufficient authority to contract for the conveyance of one moiety of the land, the agreement of Steele be not binding upon the appellant, there is no question but that the court below improperly decreed a conveyance to be made; although Steele may have complied, punctiliously, with the stipulations on his part.
In deciding upon the authority of Davis, it should be remarked, that no witness, whose deposition is taken in the cause, appears to possess any knowledge of the terms upon *329 tvhich the warrants were lodged by the appellant with Davis for location; and, as the obligation, alledged to have been subsequently given to Davis, is denied by the appellant and not proven by any evidence in the cause, the authority, if it existed, must be deduced from the admissions of the appellant, contained in the agreement of compromise. Were the compromise absolute between the parties, there could be no question, as it is not even suggested to have been fraudulently obtained, but that it would furnish an insuperable bar to any proceedings on the original contract; but, as it appears to have been made to depend upon the happening of events which are admitted not to have occurred, it most clearly, cannot preclude the appel-lees from asserting their claim to the original equity derived through their ancestor.
Although a propes’dcom-promise (made to de-peRd on the happening of events) may become inoperative by the failure of those events, and will not be decreed; yet if the proposal contains admissions of facts, it may be used to prove those facts..'
If a valuable part of a contract is performed, it will be decreed, ⅜¾’ ⅝ part comparatively inconsiderable is omitted, particularly if the party claiming the contract hath not refused to perform the part omitted.
*329 But, although, owing to' the compromise having become inoperative, it cannot be used as a bar to the appellees’ claim, we apprehend it is proper to look to it, for the purpose of ascertaining whether it contains any recognition of the authority of Davis to make the contract with Steele.
Not that we would be understood as using, either the Stipulations or propositions it may contain, as evidence conducing to that, end, but we Would resort to it for the purpose of ascertaining, whether it contains any admissions, by the appellant, from which the authority can be fairly inferred. For whilst, owing to the tendency of such evidence to prevent compromises, propositions are not allowed to be introduced; yet, as to facilitate such agreements, it is not essential that the propositions shonld be accompanied with any admissions; such admissions, if made, ought to be received as competent evidence.
jf, then, the admission received as evidence, there can be but little doubt that Davis was authorised to make the contract with Steele: contained in the agreement be For it is expressly stated in the agreement, that Davis, as the agent of the appellant, employed Steele to locate the land, and that admission, when taken in connection with the further evidence, of the appellant having been previously informed of the terms of Steele’s undertaking, shews, incontestably, a recognition of the authority of Davis to make the contract.
And if Davis was authorised t« make the contract, it remains only to be decided, whether Steele so performed his part of the contract, as to authorise its specific execution.
*330 And in responding to this enquiry, vve are unable to pe^* ceive any solid objection against the relief sought.
The evidence shews; beyond question, that Steele madé the location, and although the survey is proven to have been made by a surveyor at the instance of the appellant, yet, as that is not shewn to have been done in consequence of any refusal of Steele to comply with his contract, but voluntarily by the appellant in his absence, the appellees ought not, from that consideration, to be deprived of the benefit of the contract.
The decree of the court below must be affirmed with' cost.